## F. B. CAMERON v. AMELIA ROEMELE.

### SUPREME COURT, AUSTIN TERM, 1883.

*Practice—Assignment of Error.*— A detached paper, purporting to be an assignment of errors, filed with the transcript, without leave, and so far as the record shows, without consent of parties, and not in obedience to a writ of *certiorari* to perfect the record, cannot be considered as an assignment of errors. In such cases, where no fundamental error is apparent in the record the judgment below will not be disturbed.

Error from Collin county.    Opinion by Stayton, J.

In this cause there are no assignments of error in the transcript, but on a detached paper filed at the same time the transcript was filed in this court, there is what purports to be an assignment of errors. It is filed without leave, without consent of parties so far as the record shows, and not in obedience to a writ of *certiorari* to perfect the record.

Such being the case, the paper cannot be considered as an assignment of error, for that must constitute a part of the transcript made up as the statute and the rules of this court prescribe. If for any reason the transcript when filed in this court, is imperfect, it may be perfected (Rule 11) ; that has not been done in this case.

The petition for writ of error, and writ of error bond were filed on the 9th of May, 1882, and the citation in error was served on the 19th of the same month, but the paper which purports to be an assignment of errors was not filed until the 20th day of November, 1882, on which day the transcript was delivered to the attorney for plaintiff in error.

The presumption would be from these facts, that the transcript was delivered before the assignment of error was filed, otherwise the certificate of the clerk to the transcript would be untrue.

Rule 97, for the government of the district courts, provides that the assignment of error shall be filed at the time of filing affidavits or bond for appeal, or bond for writ of error, and Rule 98 provides that if the assignment of errors is filed after the transcript is delivered, then the clerk upon request shall give to any party to the cause a certified copy of it, with his filing and date thereof ; but it does not provide that it shall be filed and considered as a part of the transcript without the permission of this court, or consent of parties. Rule 39, to regulate procedure in this court provides, that for the want of compliance with the rules regulating the filing of assignments of error, a cause may be dismissed upon motion under Rule 8, unless good cause is shown why the same was not done and that it was filed in such time and under such circumstances that the defendant in error has reasonably not suffered any injury in the defense of the case in this court.

No motion to dismisss has been made in this cause, nor

has any excuse been given for failure to comply with the rules and with the statute regulating the filing of assignments of error. The statute provides that the "appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record; and all errors not so distinctly specified shall be considered by the supreme court or court of appeals as waived." (R. S., 1037.)

The statute and rules were intended not only to facilitate the courts in the disposition of cases, but also to furnish to all parties means by which they can know at proper time what they are called upon to meet.

In this case we are not called upon to determine whether a failure to file an assignment of errors at the same time the writ of error bond was filed, would debar a plaintiff in error from a hearing upon his assignments, if objection was made thereto upon that ground; and we have only referred to the subject for the purpose of calling attention of parties to the simplicity for complying with the rules, or for showing some good excuse for not so doing.

The irregularities in this case are such that the assignments cannot be considered.

We have looked into the record and find no error fundamental in its character, for which the judgment should be reversed, and it is affirmed.